IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DENNIS R. FRANKE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ARUP LABORATORIES,<br><br>　　　　Defendant. | Case No. 2:07-CV-73-DAK<br><br><br><br><br>**REPORT AND RECOMMENDATION** |

Before the court is a Motion for Default Judgment filed by Plaintiff, Dennis R. Franke, who is proceeding *pro se*.[1] (Docket Entry #12.) Having carefully reviewed Plaintiff's motion, the court recommends that it be denied because Defendant has not been properly served.

## BACKGROUND

Plaintiff filed his complaint on February 12, 2007. (Docket Entry #1.) According to Defendant's memorandum, Plaintiff did not provide Defendant with a copy of the complaint. (Docket Entry #14, at 2.)

---

[1] Because Plaintiff is proceeding *pro se*, the court liberally construes his pleadings. See *Ledbetter v. City of Topeka, Kansas*, 318 F.3d 1183, 1187 (10th Cir. 2003).

According to Defendant's memorandum, on April 30, 2007, Plaintiff mailed a letter and documents in a box addressed as "Legal Documents for Delivery to: ARUP Laboratories, 500 Chipeta Way, Salt Lake City, Utah 84108."  (Docket Entry #14-2, Exhibit A.)  The box was not addressed to any particular person at ARUP and did not identify a lawful agent of ARUP.  (Docket Entry #14-2, Exhibit A.)  On May 1, 2007, the box was received and signed for by Neil Priest, an employee of the Xerox company, who works in a shipping facility near ARUP's offices.  (Docket Entry #14-3, Exhibit B, Affidavit of Neil Priest.)  Xerox is the vendor that runs ARUP's mailroom and is a separate company unaffiliated with ARUP.  Priest's job title with Xerox is "mail person."  (Docket Entry #14-3, Exhibit B.)  Priest is not ARUP's authorized agent to receive service of process.  In addition, he is not an officer, managing or general agent of ARUP.  (Docket Entry #14-3, Exhibit B.)  Instead, ARUP's registered agent is John K. Morris. (Docket Entry #14-4, Exhibit C, Affidavit of Maria Heckel, & Exhibit 1.)

The box mailed to ARUP contained a thick stack of legal documents, but it did not contain a summons.  (Docket Entry #14-4, Exhibit C.)

On May 3, 2007, Plaintiff filed a document entitled "Notification to THE COURT of Case Service to Defendant on May 1, 2007 at 0805 MST."  (Docket Entry #10.)  This document informed the court that Plaintiff had served ARUP with various documents.

2

(Docket Entry #10.)  Attached to Plaintiff's document was a copy of a confirmation page from the United States Postal Service which shows that a package was delivered at 8:05 a.m. on May 1, 2007, to 500 Chipeta Way, Salt Lake City, Utah 84108, and which contains a scanned image of the domestic return receipt signed by Priest.  (Docket Entries #10; 14-3, Exhibit A.)

On August 27, 2007, Plaintiff filed the Motion for Default Judgment (Docket Entry #12), which is now before the court. Defendant filed a reply to Plaintiff's motion on September 7, 2007, in which Defendant argues that it has not received proper service of process.[2]  (Docket Entry #14.)  Plaintiff responded to Defendant's reply on September 17, 2007.  (Docket Entry #15.)

### ANALYSIS

Defendant opposes Plaintiff's Motion for Default Judgment by arguing that default judgment cannot be granted because Plaintiff has not effected proper service of process on Defendant. Defendant argues that Plaintiff's attempted service of Defendant was defective in three ways.  First, the box sent to Plaintiff did not contain a summons.  Second, the box was received at a shipping facility and was signed for by an employee for a different company, rather than by an officer, general or managing

---

[2]In addition, Defendant notifies the court that it previously sent Plaintiff a letter as a courtesy to accept service of process if Plaintiff withdrew his Motion for Default Judgment. (Docket Entry #14, at 4.)  Defendant later informed the court that Plaintiff refused Defendant's offer and instead wished the court to review Plaintiff's motion.

3

agent, or authorized agent of ARUP.  Third, service by mail was improper because the box was not delivered to and signed for by ARUP's registered agent.  The court examines each of these alleged defects in service.

First, Defendant argues that the attempted service was ineffective because Plaintiff did not serve Defendant with a summons.  Rule 4 of the Federal Rules of Civil Procedure requires plaintiffs to serve defendants with a summons in the form specified by Rule 4(a) and issued by the clerk, as provided in Rule 4(b).  Pursuant to Rule 4(c)(1) of the Federal Rules of Civil Procedure, service may be made upon a defendant only by serving "[a] summons . . . together with a copy of the complaint."  Fed. R. Civ. P. 4(c)(1).

Defendant argues that the box of papers Plaintiff mailed to ARUP's general address did not constitute sufficient service because it did not contain a summons in the form specified by Rule 4(a) and issued by the clerk, as provided in Rule 4(b), or any other document fulfilling the definition of a summons, or even one labeled "summons."  In addition, the "notice" Plaintiff filed with the court contained no summons or any reference to a summons.  Plaintiff responds to Defendant's argument with only the following sentence, essentially admitting that he failed to serve Defendant with a summons:  "The box did not contain a document labeled 'summons.'" (Docket Entry #15, at 1.)  Thus, it appears to be uncontested that Plaintiff did not serve Defendant

4

with a summons as required by Rule 4.  As a result, Plaintiff failed to properly serve Defendant.  *See Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

Second, Defendant argues the purported service was ineffective because Plaintiff did not serve process on Defendant's appropriate agent.  Rule 4(h) of the Federal Rules of Civil Procedure requires that a plaintiff suing a Utah corporation in Utah federal district court is required to serve a corporation with process "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . .", or, alternatively, by following Utah's state court rules for service upon corporations and associations. Fed. R. Civ. P. 4(h)(1) (providing for alternative application of Rule 4(e)(1) of the Federal Rules of Civil Procedure, which allows service pursuant to the law of the state in which the district court is located or service is effected).  Rule 4 of the Utah Rules of Civil Procedure allows service of process to be effectuated upon an in-state corporate defendant in the same manner as the federal Rule 4(h), described above, *see* Utah R. Civ. P. 4(d)(1)(E), or by "mail or commercial courier service . . . . provided defendant's agent authorized by appointment or by law

to receive service of process signs a document indicating receipt." Utah R. Civ. P. 4(d)(2)(B).

Thus, under each of the above rules providing for means of service, service of process must, at a minimum, be delivered to "an officer, a managing or general agent, or [] any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1); *accord* Utah R. Civ. P. 4(d)(1)(E). However, in the instant case, Plaintiff sent the box of documents to the general address for ARUP Laboratories, and, according to Defendant's memorandum, the box was actually delivered to a shipping facility operated by Xerox. As such, Plaintiff never delivered the box to "an officer, a managing or general agent, or [] any other agent authorized by appointment or by law to receive service of process," as required by the Utah and Federal Rules of Civil Procedure. *See id.* Instead, the box was delivered to Priest, the "mail person" for Xerox, who signed for it.

As a mail person who is not directly employed by ARUP, Priest cannot be classified as an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Therefore, regardless of the contents of the box sent to ARUP on May 1, 2007, service was ineffective.

Finally, if Plaintiff were seeking to comply with Rule 4(d)(2)(B) of the Utah Rules of Civil Procedure, explained above,

6

*see also* Fed. R. Civ. P. 4(e)(1), (h)(1), that allows service of a corporation by mail in Utah, then "Defendant's agent authorized by appointment or by law to receive service of process [must] sign[] a document indicating receipt."  Defendant argues that this rule was not complied with in this case.  The court agrees. The only person to sign the document indicating receipt of the box was Priest, the mail person for Xerox.  As such, the purported service was not received or signed for by the agent authorized to receive service on ARUP's behalf.  It is simply insufficient that Priest signed for the package in ARUP's mailroom, especially when the service came addressed only as "Legal documents for delivery to:  ARUP Laboratories."  As a result, service of process by mail was ineffective because it was not sent to, was not received by, and was not signed by ARUP's registered agent.

Plaintiff argues that he exercised due diligence in having the box of documents delivered to ARUP and that he "cannot be expected to be responsible for errant or otherwise faulty mail handling practices which apparently exist in ARUP's wholly determined and controlled *internal* mail acceptance and distribution system - *and which operated <u>after</u> the package has been signed for and has otherwise been delivered and is out of the control of the US Postal Service Carrier that delivered it to a recipient who willingly signed for the package.*"  (Docket Entry #15, at 1-2.)  Plaintiff's argument is erroneous.  Plaintiff did

7

not exercise due diligence in mailing the box to ARUP. As explained above, if Plaintiff wished to mail the package, he needed to take measures to ensure that Defendant's authorized agent would sign for the package. To ensure that would happen, Plaintiff should have discovered the name of Defendant's authorized agent, so he could include that on the package. Plaintiff could have found such information online. As Defendant set forth in its memorandum, John K. Morris was listed as the registered agent for ARUP on Utah's Business Entity Search website located at https://secure.utah.gov/bes/action/index. Plaintiff must understand that even though his pleadings are liberally construed because he is proceeding *pro se*, he is not excused from complying with the rules of civil procedure, including Rule 4 regarding service of process, even if he perceives such rules to be inconvenient or difficult to follow.

Because Defendant has not been properly served in this case, Defendant is under no duty to answer or file other motions in the case. *See Petersen v. Carbon County*, 156 F.3d 1244 (Table), 1998 WL 458555, at *4 (10th Cir. Aug. 6, 1998); *see also* Fed. R. Civ. P. 12(a)(1)(A), 55(a). As a result, Plaintiff's argument that he is entitled to default judgment based on Defendant's failure to file a timely response is in error and the court recommends that Plaintiff's Motion for Default Judgment be denied.

8

**RECOMMENDATION**

Based on the above analysis, the court concludes that Defendant has not been properly served in this case. As a result, **IT IS RECOMMENDED** that Defendant's Motion for Default Judgment (Docket Entry #12) be **DENIED.**

Copies of the foregoing report and recommendation are being mailed to the parties who are hereby notified of their right to object to the same. The parties are further notified that they must file any objections to the report and recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

DATED this 26th day of February, 2008.

BY THE COURT:

_____
SAMUEL ALBA
United States Chief Magistrate Judge