IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DENNIS R. FRANKE,<br><br>        Plaintiff,<br><br>vs.<br><br>ARUP LABORATORIES, et al.,<br><br>        Defendants. | ORDER ADOPTING REPORT AND RECOMMENDATION<br><br>Case No. 2:07CV73DAK |

      This case was assigned to United States District Court Judge Dale A. Kimball, who then referred it to United States Magistrate Judge Samuel Alba under 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Alba issued a Report and Recommendation on September 8, 2009, concluding that Defendant was entitled to summary judgment because there is no genuine issue as to any material fact and recommending that Defendant's Motion for Summary Judgment be granted.

      The Report and Recommendation notified the parties that any objection to the Report and Recommendation was required to be filed within ten days of receiving it.  Plaintiff requested additional time to prepare his objections to the Report and Recommendation, which this court granted.  Plaintiff timely filed his objections on October 4, 2009.  Defendant requested and was granted time to file a response to Plaintiff's objections.  Defendant filed its response on November 6, 2009.  Plaintiff filed a reply to Defendant's response on November 8, 2009.  The matter is, therefore, fully briefed.

The court has reviewed the record in this case *de novo.* Specifically, the court has reviewed the pleadings in this case, the materials submitted by the parties in connection with Defendant's Motion for Summary Judgment, Magistrate Judge Alba's September 8, 2009 Report and Recommendation, Plaintiff's objections to the Report and Recommendation, Defendant's response to those objections, and Plaintiff's reply to the response.

Plaintiff listed 101 objections to the Report and Recommendation. The court has reviewed each of these objections and carefully considered whether any of the objections impact the analysis contained in the September 8, 2009 Report and Recommendation. Rather than address each objection individually, the court concludes it is most efficient to address them generally.

Many of the objections pertain to information that is not relevant to the issues presented in the motion for summary judgment. For example, Plaintiff objects to the footnote in the Report and Recommendation regarding his "employment" by Projectile Concepts and Manufacturing Incorporated." The footnote was not necessary to the court's analysis of the issues presented in Defendant's Motion for Summary Judgment and was not used by the court in its analysis. Therefore, Plaintiff's objection as to the accuracy of the footnote is not relevant to whether the court should adopt the Report and Recommendation.

Many objections also relate to discovery disputes that are no longer relevant. These discovery matters either were resolved during the discovery period or should have been raised at that time. They are not timely or appropriately raised in Plaintiff's objections to the Report and Recommendation. Similarly, Defendant failed to timely object to Magistrate Judge Alba's prior rulings with respect to his motion to amend the complaint and motions for appointment of

counsel. Magistrate Alba's decisions on those motions were not part of the Report & Recommendation. Plaintiff's disputes the Magistrate Judge's prior rulings should have been brought timely after the rulings on those motions were issued.

With respect to the issues raised on summary judgment, the court finds that none of the objections impact the magistrate judge's conclusion that Plaintiff's claims relating to events or incidents prior to December 1, 2005, are barred by Title VII's and the ADEA's 300-day statute of limitations. In addition, none of Plaintiff's objections demonstrate any error in the Magistrate Judge's conclusion that Plaintiff has failed to exhaust his administrative remedies with respect to any claim other than his 2006 wrongful termination claim. With respect to Plaintiff's 2006 wrongful discharge claim, Plaintiff's objections do not demonstrate any issue of material fact as to ARUP's legitimate, non-discriminatory reason for terminating Plaintiff's employment. Plaintiff's objections do not demonstrate that there is a question of material fact with respect to pretext.

And, finally, with respect to Plaintiff's due process claims, there is nothing in Plaintiff's objections that demonstrates that he had a property interest in his employment with ARUP. Plaintiff specifically objects to the court's reliance on the at-will acknowledgments in ARUP's Employee Handbook in recommending that Plaintiff's due process claim be dismissed. Plaintiff states several objections to the at-will acknowledgment but such objections do not change the fact that Plaintiff's employment with ARUP was at-will. Plaintiff makes no claim that he had an employment contract with ARUP. As such, the law deems his employment to be at-will regardless of whether he signs an at-will acknowledgment or not. Therefore, Plaintiff's objections to the at-will acknowledgments do not impact the court's determination that Plaintiff

did not have a property interest in his employment with ARUP.

The court fully agrees with the analysis contained in Magistrate Judge Alba's Report and Recommendation.  Therefore, the court approves and adopts the Magistrate Judge's September 8, 2009 Report and Recommendation in its entirety.  Accordingly, Defendant ARUP's Motion for Summary Judgment is DENIED.  The Clerk of Court is directed to close this case, with each party to bear its and his own fees and costs related to this litigation.

DATED this 19th day of November, 2009.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge